UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONYA RIERSON, individually and<br>and as next friend of T.R., a minor,<br><br>    Plaintiff,<br><br>v.<br><br>OKLAHOMA FARM BUREAU MUTUAL<br>INSURANCE COMPANY,<br><br>    Defendant. | Case No. 11-CV-0285-CVE-PJC |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss Plaintiffs' [sic] Petition and Combined Brief in Support (Dkt. # 8). Defendant Oklahoma Farm Bureau Mutual Insurance Company argues that plaintiff has failed to allege sufficient facts to state a claim, because plaintiff's petition fails to specifically state how defendant breached an insurance contract. Dkt. # 8, at 4. Plaintiff is proceeding pro se and has not responded to defendant's motion.

Plaintiff Sonya Rierson and her son, T.R., reside in Colorado. Defendant issued an automobile policy to plaintiff. Dkt. # 2-1, at 1. Plaintiff states that the insurance policy provides coverage of $100,000 per person for injuries caused by an uninsured or underinsured motorist. Id. at 2, 4. She alleges that she was involved in an automobile accident on April 23, 2006, and that the driver who caused the accident did not have automobile insurance. She seeks damages for injuries allegedly sustained in the accident by herself and her son. Defendant is an Oklahoma corporation

and states that it is a citizen of Oklahoma for the purpose of diversity jurisdiction.[1] Dkt. # 2, at 2. Plaintiff states that she filed a claim seeking uninsured motorist benefits under the insurance policy and that defendant "has not and continues not to honor the parties' written agreement and has failed to compensate the Plaintiffs [sic] for their injuries." Dkt. # 2-1, at 3. Plaintiff cites OKLA. STAT. tit. 36, §§ 1219 and 1222, and alleges that defendant breached an insurance contract by failing to pay her claim for uninsured motorist benefits. Id.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal

---

[1] The Court notes that defendant improperly removed this case to federal court. Defendant is a citizen of Oklahoma, and it could not remove a case to federal court based on diversity of citizenship. 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); Lincoln Property Co. v. Roche, 546 U.S. 81, 83-84 (2005). However, this is not a jurisdictional defect in the removal of this case. This Court may not sua sponte remand the case due to this procedural defect and plaintiff has waived any objection to this issue by failing to file a timely motion to remand. Hurley v. Motor Coach Indus., Inc., 222 F.3d 377 (7th Cir. 2000); Korea Exchange Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46 (3d Cir. 1995); Durbin v. Yellow Transp., 624 F. Supp. 2d 1303 (D. Kan. 2009).

determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Even though plaintiff has not responded to defendant's motion, the Court finds that the factual allegations in plaintiff's petition are sufficient to state a claim. To state a claim for breach of contract, a plaintiff must allege that the parties had a valid contract, a breach of the contract occurred, and the plaintiff suffered damages resulting from the breach. Digital Design Group, Inc. v. Information Builders, Inc., 24 P.3d 834, 843 (Okla. 2001). Plaintiff alleges that she had a contract of insurance (the policy) with defendant and she submitted a claim for uninsured motorist coverage under the policy. Dkt. # 2-1, at 2-3. She states that defendant breached the contract by taking no action on her claim for uninsured motorist benefits. Id. at 3-4. She further alleges that she suffered damages as a result of defendant's failure to pay her insurance claim. Id. at 4. The petition identifies the specific incidents giving rise to her claim - the automobile accident, plaintiff's insurance claim, and defendant's failure to pay the claim - and defendant is on notice of the factual basis for plaintiff's breach of contract claim. This clearly satisfies the requirement of Fed. R. Civ. P. 8(a)(2) that the plaintiff's pleading contain a "short and plain statement of the claim," and defendant's motion to dismiss should be denied. Plaintiff is advised that she should respond to

future motions filed by defendant and, even though plaintiff is proceeding pro se, the same rules apply to plaintiff as any other litigant.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).

**IT IS THEREFORE ORDERED** that  Defendant's Motion to Dismiss Plaintiffs' [sic] Petition and Combined Brief in Support (Dkt. # 8) is **denied**.

**IT IS FURTHER ORDERED** that the parties are directed to file their joint status report forthwith.  Said joint status report was due June 16, 2011 per Dkt. # 9 and is, therefore, past due.

**DATED** this 28th day of June, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT